[No. 38200.   Department Two.   May 12, 1966.]

SEATTLE ASSOCIATION OF CREDIT MEN, *Appellant*, v. GEDDES ELECTRIC, INC., *Defendant*, N. PAUL MOATS *et al., Respondents.**

*Croson, Johnson & Wheelon*, by *Herman S. Siqueland*, for appellant.

*The Attorney General* and *J. Richard Duggan, Assistant*, for respondent.

PER CURIAM.—This is an appeal from an order in a receivership proceeding establishing priority between claims. The trial court deemed certain tax liens of the state of Washington entitled to priority in payment over a chattel mortgage held by the Seattle Association of Credit Men, a corporation, as trustee for the unsecured creditors of Geddes Electric, Inc., the insolvent. The trial court's order of priority was based upon the provisions of RCW 82.32.220, and our decision in *State v. Hi-Lo Foods, Inc.*, 62 Wn.2d 534, 383 P.2d 910 (1963), *cert. denied* 377 U.S. 532, 12 L. Ed. 2d 734, 84 Sup. Ct. 1642 (1964), wherein we considered the constitutionality and applicability of portions of that statute. The pertinent portions of RCW 82.32.220 read:

*Reported in 414 P.2d 631.

The [tax] lien shall not be superior, however, to bona fide interests of third persons which had vested prior to the filing of the [tax] warrant when such third persons do not have a beneficial interest, direct or indirect, in the operation of the business, other than the securing of the payment of a debt or the receiving of a regular rental on equipment: *Provided, however, That the phrase "bona fide interests of third persons" shall not include any mortgage of real or personal property or any other credit transaction that results in the mortgagee or the holder of the security acting as trustee for unsecured creditors of the taxpayer mentioned in the warrant who executed such chattel or real property mortgage or the document evidencing such credit transaction.* (Italics ours.)

On appeal, the Seattle Association of Credit Men challenges the constitutionality of the italicized provision as applied to the chattel mortgage here in question and, alternatively, endeavors to distinguish the instant trust transaction from that before us in *State v. Hi-Lo Foods, Inc., supra.*

Briefly, the salient facts are: In the early spring of 1957 Geddes Electric, Inc., a corporate electrical contractor, encountered financial difficulties. To avoid insolvency proceedings, it then executed a promissory note and a chattel mortgage to Seattle Association of Credit Men as trustee for its then unsecured creditors. The instrument, designated as a "Chattel Mortgage In Trust" purported to encumber, for the benefit of the unsecured creditors, all goods, wares, merchandise, fixtures, customer lists, patents, books of account, accounts receivable, and personal property of every kind and description owned or to be acquired by the corporate contractor in the course of its business. The corporation thereafter continued in business during the course of which it incurred additional liabilities including the tax liens in issue. In the fall of 1959, this receivership proceeding was initiated by virtue of which the receiver inventoried and, pursuant to stipulation and court order, sold the assets of the corporation. Typically, the amount recovered from the assets did not cover the outstanding claims.

The only difference between the chattel mortgage taken in trust for the benefit of the unsecured creditors

in this case and the one considered in *State v. Hi-Lo Foods, Inc., supra,* is that the instant one makes no provision for managerial control by the mortgagee and does not use the phrase "shifting stock" in connection with the property encumbered. Counsel for appellant ingeniously contends and ably argues that these differences compel a reconsideration of the constitutionality of the proviso of RCW 82.32.220 or, if not, a limitation upon the circumference of the *Hi-Lo* case, *supra.*

We disagree. Determination of the constitutionality of the pertinent statutory proviso in the *Hi-Lo* case, *supra,* did not rest upon the fact that a "shifting stock" of goods was encumbered by the chattel mortgage there presented. It turned, rather, upon the legislature's power to make classifications and distinctions between secured creditors and unsecured creditors who sought, by means of any trust transaction, to elevate their claims over future tax liabilities incurred by virtue of the debtor continuing in business. As stated, in the *Hi-Lo* case, *supra,* we think such classification is neither discriminatory nor unreasonable.

Likewise, we do not deem the *Hi-Lo* decision, *supra,* limited to a transaction involving only a "shifting stock" mortgage. Nothing in the statutory language nor, for that matter, in the *Hi-Lo* decision, *supra,* lends itself to such an interpretation.

The order of the trial court is affirmed.